UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIVIAN RAMOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-CV-2276-X |
| ENVOY AIR INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Envoy Air Inc.'s motion to dismiss.  (Doc. 20).
Having reviewed the motion, the applicable law, and Plaintiff Vivian Ramos's
complaint, the Court concludes that Ramos plausibly alleged a claim for Title VII
religious discrimination.  Accordingly, the Court **DENIES** Envoy's motion.  (Doc. 20).
The Court **GRANTS** Envoy's motion for judicial notice.  (Doc. 30).

## I. Background

This is an alleged employment discrimination case.  In 2021, Envoy employed
Ramos as an operations planning agent.  Ramos is a member of the Seventh-day
Adventist Church, and her religious beliefs prohibit her from working on the Sabbath,
which is observed from sundown on Friday until sundown on Saturday.  During
training, Ramos worked a Monday through Thursday schedule but became aware
that there may be a conflict between her Sabbath observance and her work
requirements.  She requested a religious accommodation, and Envoy denied it.
Although Ramos did not miss any time from work other than her Sabbath

observances, she received negative attendance points for her absences on her Sabbath. She tried swapping shifts with other employees, but Envoy's policies prevented her from doing so. Envoy terminated her employment because of her absences on her Sabbath observance. Ramos filed a charge of discrimination with the Texas Workforce Commission and Equal Employment Opportunity Commission and received her right to sue letter. Within ninety days, she sued Envoy for Title VII religious discrimination. Envoy filed the present motion to dismiss contending that this Court lacks subject-matter jurisdiction because Ramos's employment was governed by a collective bargaining agreement ("CBA") between Envoy and The Communications Workers of America. In the alternative, Envoy contends that Ramos fails to state a claim of religious discrimination under Title VII. The motion is ripe for this Court's consideration.

## II. Legal Standards

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows parties to challenge the subject-matter jurisdiction of a court to hear a case.[1] A claim is properly dismissed under Rule 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

it.[2]  A plaintiff constantly bears the burden of proof that subject-matter jurisdiction exists.[3]

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts must always consider the 12(b)(1) jurisdictional question first.[4]  Even where both a 12(b)(1) and 12(b)(6) attack have merit, courts should only dismiss the claims on the 12(b)(1) jurisdictional ground.[5]

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[7]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8]  A claim is facially plausible when the plaintiff pleads factual content

---

[2] *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[3] *Ramming*, 281 F.3d at 161.

[4] *Id.*

[5] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* (cleaned up).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[9]

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[10] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[11]

### III. Analysis

Envoy moves to dismiss Ramos's religious discrimination claim under Rule 12(b)(1) for lack of subject-matter jurisdiction, or alternatively, under Rule 12(b)(6) for failure to state a claim.  The Court addresses each in turn.

### A. Rule 12(b)(1)

The first issue is whether the Ramos's Title VII claim is precluded by the Railroad Labor Act ("RLA").  Congress enacted the RLA "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes."[12]  The RLA requires arbitration of "minor" disputes—disputes that can be conclusively resolved by reference to a CBA—before a System Board of Adjustment.[13] But the grievance process established in a CBA forms the exclusive remedy for a

---

[9] *Id.*

[10] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007).

[11] *Ramming*, 281 F.3d at 161–62.

[12] *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994).

[13] *Id.*

statutory discrimination claim only if the CBA clearly and unmistakably waives the union member's right to pursue her statutory claim in a judicial forum.[14]

In order for a CBA to clearly and unmistakably waive a union member's right to a judicial forum for statutory anti-discrimination claims, that CBA must "specifically identify" the relevant statute or otherwise "state that statutory discrimination claims shall be subject to the [CBA's] grievance procedure."[15]   If it does so, then that CBA requiring union members to arbitrate specific statutory claims is enforceable under federal law.[16]   If not, then the CBA does not prevent a union member from bringing her statutory claim in a federal judicial forum.[17]

In *Ibarra*, the CBA at issue had a general nondiscrimination provision and a provision outlining the grievance procedure.[18]   The Fifth Circuit determined that was insufficient to waive the union member's right to a judicial forum for statutory discrimination claims.[19]   By contrast, in *14 Penn Plaza LLC*, the CBA at issue expressly identified Title VII, the Age Discrimination in Employment Act ("ADEA"), and other anti-discrimination statutes and then stated "[a]ll such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as the sole and exclusive remedy for violations."[20]   There, the parties acknowledged, and the

---

[14] *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 356 (5th Cir. 2012)

[15] *Id.* at 358, 360.

[16] *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009).

[17] *Ibarra*, 695 F.3d at 360.

[18] *Id.* at 356–58.

[19] *Id.* at 360.

[20] 556 U.S. at 252.

Supreme Court presumed, that the CBA clearly and unmistakably precluded the federal ADEA lawsuit in the judicial forum based on that provision.[21]

In the present case, Ramos brings a Title VII religious discrimination claim. The CBA in this case does not specifically identify Title VII nor does it state that statutory discrimination claims are subject to its grievance procedure. The CBA has a general nondiscrimination provision, a grievance procedure provision, and in a separate section of the agreement, it also states:

> To the greatest extent permitted by law, the provisions of this Collective Bargaining Agreement shall control over any Federal, State or Local statute, law, regulation, ordinance, or other governing provision (collectively "Laws") to the extent such Laws permit a waiver, exception or other treatment for employees covered under a collective bargaining agreement.

But the Court is not convinced that this CBA clearly and unmistakably waives Ramos's right to pursue her Title VII claim in this forum. The Fifth Circuit explained that "for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."[22] Here, the CBA does neither. The CBA's reference to federal statutes is too attenuated to conclude that Ramos clearly and unmistakably waived her right to a judicial forum for her Title VII claim. Thus, the Court denies the motion as to subject-matter jurisdiction.

---

[21] *See id.* at 272–73.

[22] *Ibarra*, 695 F.3d at 359–60.

6

### B. Rule 12(b)(6)

The second issue is whether Ramos plausibly alleged a claim for religious discrimination.  Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[23]  "The statute defines 'religion' broadly to include 'all aspects of religious observance and practice, as well as belief.'"[24]  And it "requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'"[25]  "In short, Title VII imposes on employers both a negative duty not to discriminate and a positive duty to accommodate."[26]

Here, Ramos alleges that Envoy violated Title VII by refusing to accommodate her religious practice of observing the Sabbath and instead terminating her.  "The rule for disparate-treatment claims based on a failure to accommodate a religious practice is straightforward: An employer may not make an [employee's] religious practice, confirmed or otherwise, a factor in employment decisions."[27]

At the motion to dismiss stage, "there are two ultimate elements a plaintiff

---

[23] 42 U.S.C. § 2000e-2(a)(1).

[24] *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717, 721 (5th Cir. 2023) (quoting 42 U.S.C. § 2000e(j)).

[25] *Groff v. DeJoy*, 600 U.S. 447, 453 (2023) (quoting 42 U.S.C. § 2000e(j)).

[26] *Hebrew*, 80 F.4th at 721.

[27] *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015).

7

must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status."[28] "[A]lthough a plaintiff does not have to submit evidence to establish a prima facie case of discrimination under [the] *McDonnell Douglas* [standard] at this stage, [s]he must plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible."[29]   A prima facie case of religious discrimination under Title VII requires a plaintiff to show: (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement.[30]

Ramos clearly pled facts on all four elements of a prima facie case of religious discrimination, and therefore, plausibly alleged a religious discrimination claim under Title VII.  First, she alleged that she is a member of the Seventh-day Adventist Church, and her religious beliefs prohibit her from working on the Sabbath, which is observed from sundown on Friday until sundown on Saturday.  Next, she alleged that that religious practice conflicted with Envoy's requirements for her work schedule and attendance.  Ramos also alleged that Envoy was informed of her religious beliefs and practice because she notified Envoy of her religious belief and her need for an accommodation.  Lastly, she alleges that Envoy denied her religious accommodation request and terminated her solely because of her absences on her Sabbath.

---

[28] *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599–600 (5th Cir. 2021).

[29] *Id.* at 600 (cleaned up).

[30] *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014).

Accordingly, Ramos plausibly alleged a claim for Title VII religious discrimination, and therefore, the Court denies Envoy's motion.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Envoy's motion to dismiss. (Doc. 20).

**IT IS SO ORDERED** this 29th day of May, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

9